**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Ashanti Jackson,

                Plaintiff,

                                     Case No. 1:25-cv-25363-BB

v.

Experian Information Solutions, Inc.
                Defendant.

_____/

## PLAINTIFF'S MOTION TO REINSTATE ADMINISTRATIVELY CLOSED CASE

NOW COME Plaintiff, Ashanti Jackson ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court to reopen this matter and vacate its Order of Dismissal. In support, Plaintiff states as follows:

### I.    Background

1.  On February 26, 2026, the Court entered its Scheduling Order (ECF No. 13), directing the parties to file a joint status report on or before March 19, 2026.

2.  On March 16, 2026, Plaintiff initiated compliance with the Court's Order by contacting counsel for Defendant Experian Information Solutions, Inc. regarding mediator selection and coordination, as required for the joint filing, see Exhibit 1.

3.  On March 18, 2026, Defendant's counsel responded and requested available dates from the proposed mediator so that Defendant could confirm availability with its corporate representative.

4.  That same day, Plaintiff promptly provided the mediator's availability and confirmed that Plaintiff's side was available for all proposed dates.

5.  On March 20, 2026, Plaintiff followed up with Defendant's counsel to finalize the selection and proceed with filing; however, Defendant's response was not received until

1

later that same day, after the deadline had already passed.

6. As a result, despite Plaintiff's timely efforts to coordinate and finalize the joint filing, the parties were unable to submit the joint status report by the original March 19, 2026, deadline due to the delay in Defendant's response.

7. On March 23, 2026, the Court entered a Paperless Order (ECF No. 16), extending the deadline and directing the parties to file the joint status report on or before March 26, 2026.

8. On March 24, 2026, Plaintiff prepared the joint notice of mediator selection and transmitted the completed filing, along with a proposed order, to Defendant's counsel for review and authorization to affix Defendant's signature.

9. Plaintiff specifically requested permission to affix Defendant's counsel's signature so that the joint filing could be submitted without further delay.

10. Defendant's counsel did not respond to Plaintiff's request for authorization to affix the signature, nor did they provide an executed version of the filing prior to the March 26, 2026, deadline.

11. As a result, Plaintiff was again unable to file the joint status report because the filing required Defendant's participation and authorization.

12. On March 27, 2026, the Court entered an Order of Dismissal (ECF No. 17) dismissing the case for failure to comply with the Court Order (ECF No. 16).

## II.    Arguments

*A. Relief Is Warranted Under Rule 60(b) Based on Excusable Neglect*

Relief from a dismissal order is appropriate under Federal Rule of Civil Procedure 60(b) where a

party demonstrates mistake, inadvertence, or excusable neglect. The Supreme Court has held that "excusable neglect" is an equitable determination that considers all relevant circumstances, including the reason for the delay, whether it was within the reasonable control of the movant, and whether the movant acted in good faith. The Eleventh Circuit applies this standard by evaluating: (1) the danger of prejudice; (2) the length of delay; (3) the reason for the delay; and (4) whether the movant acted in good faith. Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996). Each factor supports reopening here.

First, the reason for the delay weighs heavily in Plaintiff's favor. Plaintiff initiated compliance days before the original March 19, 2026 deadline and promptly engaged Defendant regarding mediator selection. However, Defendant's response confirming availability was not received until after the deadline had passed. Following the Court's extension to March 26, 2026, Plaintiff again acted diligently—preparing the joint filing and transmitting it to Defendant for execution on March 24, 2026. Despite this, Defendant failed to provide a signature or authorization to file prior to the extended deadline. Because the filing required participation from both parties, the missed deadlines were not within Plaintiff's sole control.

Second, Plaintiff acted in good faith at all times. Plaintiff initiated the process early, followed up prior to the first deadline, and promptly prepared and circulated the completed filing before the second deadline. There was no willful disregard of the Court's Orders.

Third, the delay was minimal and had no meaningful impact on judicial proceedings. The deadlines at issue spanned a matter of days, and Plaintiff acted continuously to comply. Finally, there is no prejudice to Defendant. The case was dismissed on a procedural basis and has not been adjudicated on the merits. Under these circumstances, courts routinely find excusable

3

neglect and grant relief under Rule 60(b). The basis for the administrative closing of the case can be resolved within 3 days. The case should therefore, should be returned to an active docket. [1]

*B. Plaintiff Exercised Diligence but Was Unable to Comply Without Defendant's Participation*

This case presents a situation where compliance with the Court's Orders depended on cooperation from both parties. Plaintiff prepared the required filing, coordinated mediator selection, and twice attempted to finalize and submit the joint report. However, Plaintiff could not unilaterally file a joint status report without Defendant's participation or authorization. Courts recognize that relief is appropriate where a party's ability to comply is impacted by circumstances outside of its control. See Florida Physician's Insurance Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

*C. Reopening the Case Serves the Interests of Justice*

Reopening this matter serves the strong preference for resolving cases on their merits rather than through procedural dismissals. The Eleventh Circuit has repeatedly emphasized that such dispositions are disfavored where a party has demonstrated diligence and a willingness to proceed. See Perez v. Wells Fargo N.A., 774 F.3d 1329, 1342 (11th Cir. 2014). Allowing the dismissal to stand would unfairly penalize Plaintiff for circumstances outside of her control, namely, Defendant's delay in responding prior to the initial deadline and failure to authorize the filing before the extended deadline. Reopening the case will not prejudice Defendant and will allow the matter to be resolved on its merits.

---

[1] *See Florida Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) ("Designating a case „closed" does not prevent the court from reactivating a case either of its own accord or at the request of the parties."); *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999) ("The court . . . retains the authority to reinstate a case if it concludes that the administrative closing was improvident or if the circumstances that sparked the closing abate.").

### III.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1.   Vacate the Order of Dismissal;

2.   Reopen this case; and

3.   Grant such other relief as the Court deems just and proper.

Respectfully submitted on April 1, 2026:

/s/ Miranda Jackson
Miranda Jackson, Esq.
FBN 0098593
Attorney for Plaintiff
Your Good Lawyers
501 N Magnolia Ave
Orlando, FL 32801
(407) 710-0130
civil@yourgoodlawyers.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's

e-filing system upon all counsel of record on April 1, 2026.

By: /s/Miranda Jackson